**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50170 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00686-RHW |
| v. | |
| ADONIS GLADNEY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, Senior District Judge, Presiding

Submitted April 10, 2013**
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and LASNIK, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western
District of Washington, sitting by designation.

Adonis Gladney appeals his conviction of three counts of mail fraud and one count of violating the anti-circumvention provision of the Digital Millennium Copyright Act ("DMCA").  On appeal, Gladney contends that the district court erred in denying his motion for a continuance, the government engaged in prosecutorial misconduct, the district court erred in refusing to use his proposed jury instruction regarding the first sale doctrine and in misstating the legal definition of "circumvent a technological measure," and the district court's jury instructions misled the jury.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[2]

Gladney has not established that the district court abused its discretion in denying his motion for a continuance on the eve of trial.  See United States v.

---

[1]  We do not consider Gladney's challenges to the district court's failure to dismiss the indictment based on alleged defects in the indictment or allegations of prosecutorial misconduct leading up to the institution of the criminal proceeding because Gladney failed to raise them before trial.  See Fed. R. Crim. P. 12(b), (e); United States v. Ross, 206 F.3d 896, 900 (9th Cir. 2000) (declining to consider claim related to grand jury proceedings because defendant-appellant waived claim by failing to raise it before trial).

[2]  We reject the government's argument that Gladney waived all arguments on appeal because he provided just two paragraphs of argument without citations to the record or authority. In our discretion, we consider the issues raised in Gladney's appeal because he identified the issues clearly and the government responded fully to each issue.  See In re Riverside-Linden Inv. Co., 945 F.2d 320, 324-25 (9th Cir. 1991) (declining to consider issue not raised in opening brief where the issue has not been fully explored); Int'l Union of Bricklayers & Allied Craftsman Local Union v. Martin Jaska, Inc., 752 F.2d 1401, 1404 n.4 (9th Cir. 1985) (recognizing that the court has discretion to consider improperly raised claims where the appellee is not misled and the issue has been fully explored).

Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985). Gladney also fails to establish that he is entitled to reversal on the basis of the government's alleged misconduct. Even if the prosecutor's references to Gladney's products as "purported" Microsoft products constituted misconduct, the misconduct was not prejudicial. United States v. Wright, 625 F.3d 583, 609-10 (9th Cir. 2010) ("To obtain reversal based on prosecutorial misconduct, [Gladney] must establish both misconduct and prejudice."). The indictment and the evidence at trial focused on Gladney's use of unauthorized product key codes, not his sales of counterfeit Microsoft products, as the basis for the mail fraud and DMCA charges. Furthermore, any misstatements were mitigated by the district court's instruction that "arguments and statements by lawyers are not evidence."

Finally, we assess a district court's formulation of jury instructions for abuse of discretion, unless the defendant failed to object at trial, in which case, the instructions are reviewed for plain error. United States v. Chi Mak, 683 F.3d 1126, 1133 (9th Cir. 2012). Gladney contends that the district court erred by declining to use his proposed jury instruction regarding the first sale doctrine. However, the district court's own instruction regarding that doctrine adequately informed the jury of Gladney's theory of the case to the extent that it was supported by the facts and law. United States v. Faust, 850 F.2d 575, 583 (9th Cir. 1988) ("[A] defendant

3

is not entitled to any particular form of an instruction so long as the instructions given fairly and adequately cover his theories of defense.").

Gladney also contends that the district court's instructions misstated the definition of "circumvent a technological measure." The challenged jury instruction, however, defined "circumvent a technological measure" using the DMCA's exact language. Thus, the court's instruction was not erroneous. United States v. Whitehead, 532 F.3d 991, 993 (9th Cir. 2008) (district court's use of the statutory definition of "technological measure" in jury instruction was not error).

Gladney's final claim that the district court's jury instructions were misleading is similarly unavailing. Gladney fails to show that the district court's use of language from the indictment was misleading, particularly where the district court instructed the jury that the indictment was not evidence. See United States v. Long, 706 F.2d 1044, 1056 (9th Cir. 1983) ("The district court did not err in reading the indictment to the jury as they were cautioned that it was not evidence.").

**AFFIRMED.**

4